UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   Plaintiff,

 v.               Case No. 05-CR-101

KATHY L. PERRY,

   Defendant.

**ORDER**

  On December 30, 2005, Defendant Kathy L. Perry was convicted of conspiracy to distribute crack cocaine and sentenced to ten years in prison. The ten year sentence imposed by the court was the mandatory minimum. Perry apparently did not appeal, but on July 5, 2007, wrote a letter to the court requesting consideration of a Rule 35 downward departure. I construed the letter as a motion for a sentence reduction and denied it on the ground that the court had no authority under Rule 35 to reduce her sentence, absent a timely motion for a downward departure by the government based on her substantial assistance. *See* Fed. R. Crim. P. 35(2). Perry has now filed a motion requesting reconsideration of the issue as well as a notice of appeal, a motion for appointment of counsel, and a motion for leave to appeal *in forma pauperis*.

  The motion for reconsideration is denied. The authority cited by Perry does not convince me that my original assessment of the court's authority was wrong. I simply do not have any authority to reduce Perry's sentence under the circumstances presented in this case. The government has not filed a motion seeking a modification of her sentence based upon her substantial assistance.

Perry's motion for appointment of counsel will also be denied. Appointments of counsel in criminal proceedings are made under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. The CJA provides that "[a] person for whom counsel is appointed should be represented at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c). A post-conviction motion for a reduction of sentence under Rule 35 does not constitute an ancillary matter within the meaning of § 3006A(c). *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). *See also United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)(holding that motion for sentence reduction under 18 U.S.C. § 3582(c) is not an ancillary proceeding within the meaning of § 3006A(c).) It is also clear that Perry does not have a Sixth Amendment right to appointment of counsel in such proceedings. The Supreme Court has held that the Sixth Amendment right to counsel extends only through the defendant's first appeal. *Coleman v. Thompson*, 501 U.S. 722, 755-57 (1991). I therefore conclude that appointment of counsel is not mandated under the CJA.

This does not end the inquiry, however, because the court also has discretion to appoint counsel under the CJA, even when counsel is not mandated. Here, however, I conclude that counsel should not be appointed. I am satisfied that Perry's motion for reduction of sentence at this point in time and based on the law as it now stands simply has no merit. I therefore, in the exercise of my discretion, conclude that counsel should not be appointed.

Finally, Perry has moved for leave to appeal *in forma pauperis* from my original decision denying her motion for sentence reduction. Under the CJA, a person for whom counsel was previously appointed may appeal "without prepayment of fees and costs or security therefore and without filing the affidavit required by § 1915(a) of Title 28." 18 U.S.C. § 3006A(d)(7). Although

2

I have not appointed counsel to represent her on her motion for sentence reduction, counsel was originally appointed for Perry under the CJA in the underlying criminal action. Since this motion arises out of the same proceeding, I conclude that she is entitled to appeal without prepayment of fees and costs, and without filing the affidavit required by 28 U.S.C. § 1915(a). I therefore conclude that her motion to proceed *in forma pauperis* is unnecessary and may be denied as moot. The clerk is directed to process the appeal as it would in any case involving a CJA appointment.

In sum, Perry's motion for reconsideration and for appointment of counsel is DENIED. Her motion to proceed *in forma pauperis* is denied as moot and the clerk is directed to process her appeal.

**SO ORDERED** this      26th      day of July, 2007.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge